## JAMES A. WISNER v. PETER J. WIRTH.

*Bankruptcy—Authentication of assignment.*

An instrument purporting to be a copy of an assignment in bankruptcy from the register to the assignee, purporting to be certified by the register, but not certified by the clerk, and not otherwise identified by acknowledgment or record, is not evidence under § 14 of the Bankrupt Law without further proof.

Error to Isabella.  Submitted Apr. 19.  Decided Apr. 25.

EJECTMENT.  Plaintiff brings error.  Affirmed.

*H. H. Hoyt* for appellant.

*Brown & Leaton* for appellee.

CAMPBELL, J.  Wisner sued Wirth in ejectment, and based his title on certain alleged bankruptcy proceedings. The court below held that he had not made such proof of title as would be legally sufficient.

Among other copies of documents he produced what seems from the bill of exceptions to have been a record copy of the statutory assignment from the register in bankruptcy to the assignee in bankruptcy.  By section 14 of the Bankrupt Law as then in force the title of the bankrupt's estate is to pass to the assignee by virtue of an assignment

from the judge or register "by an instrument under his hand." Bankrupt Law, § 14. The same section provides that "a copy duly certified by the clerk of the court, under the seal thereof, of the assignment made by the judge or register as the case may be, to him as assignee, shall be conclusive evidence," etc. This is the only provision made by that statute for proving the assignment by a copy. Our statutes make no provision on the subject. The record of such an instrument without acknowledgment or other verification could not avail to create evidence of title. The original does not appear to have been produced, and the statute does not declare such original without the clerk's certificate as proving itself. The signature of the judge or register alone could have no such effect unless by statute. There is nothing in the record showing any sufficient proof of the assignee's rights, and therefore we need not consider the other questions as to what if any proof is necessary further under the bankrupt laws to put defendant on his defence.

The judgment must be affirmed with costs.

COOLEY and MARSTON, JJ. concurred.