## James A. Wisner v. Alfred Herring.

*Ejectment—Disposition of case piecemeal—Defects in title are matter of law.*

A plaintiff in ejectment, claiming under an assignee in bankruptcy, gave such proofs of title as he chose. Defendant, claiming as *bona fide* purchaser by a later deed from the alleged bankrupt, and also as a holder of tax titles, proved his purchase and his occupancy in good faith. Before attempting to show that the tax titles were invalid plaintiff requested the court to pass upon his own proofs of title, and the court instructed the jury that he had made no case. *Held* bad practice to pass on plaintiff's case by itself after defendant's proofs were in, but as plaintiff had asked the court to do so, he could not complain.

A judge in charging the jury that plaintiff in ejectment has not made out a case is not bound to point out the particular defects in his title, as the jury are not concerned therewith.

Error to Isabella. Submitted Jan. 5. Decided Jan. 10.

EJECTMENT. Plaintiff brings error. Affirmed.

*H. H. Hoyt* for appellant.

*Brown & Leaton* for appellee.

COOLEY, J. Action of ejectment. The plaintiff claims title under the assignee in bankruptcy of one Willey, who

is said to have been adjudicated a bankrupt in 1872. The defendant claims under a deed from Willey bearing date in 1875. He also holds tax titles.

The plaintiff on the trial put in such evidences of his own title as he saw fit to prove, and the defendant then proved the purchase from Willey in 1875, and that he was occupying under it in good faith. He also proved his tax titles. The plaintiff then proposing to show the invalidity of the tax titles, for the purpose of saving time requested the court first to pass upon the proofs he had put in of his own title, inasmuch as, unless he had made out a *prima facie* case, the tax titles were unimportant. The judge thereupon ruled that the plaintiff had made no case, and instructed the jury accordingly. The plaintiff requested the judge to specify in his charge to the jury the particular grounds upon which he based his judgment, but the judge deemed it unnecessary, and declined.

The judge was right in ruling that the plaintiff had failed to make out a *prima facie* case. The proof was substantially the same as in *Wisner v. Wirth* 48 Mich. 291; and that case rules this. It is not customary in such a case for the judge to indicate to the jury the particular defects in the plaintiff's title, inasmuch as the jury are not concerned with them. The suggestion of the plaintiff in his brief that the judge may have decided the case on the defendant's proofs of *bona fide* purchase from Willey has no support in the record. It was by the plaintiff's own request that the judge passed upon the plaintiff's case by itself after the defendant's evidence was in. It was bad practice to comply, but the plaintiff is in no position to complain of or criticise it.

The judgment must be affirmed with costs, and the record remanded.

The other Justices concurred.